**Anderson WALLACE, Jr., Plaintiff–Appellant**

v.

**TERREBONNE PARISH SCHOOL BOARD, Defendant–Appellee.**

No. 15–30323
Summary Calendar.

United States Court of Appeals, Fifth Circuit.

Sept. 15, 2015.

Anderson Wallace, Jr., Houma, LA, pro se.

Kathryn Wimberley Richard, Duval, Funderburk, Sundbery, Lovell & Watkins, Houma, LA, for Defendant–Appellee.

Before KING, CLEMENT, and OWEN, Circuit Judges.

PER CURIAM: *

Proceeding *pro se*, Anderson Wallace, Jr., appeals the denial of his motion for

the limited circumstances set forth in 5TH CIR. R. 47.5.4.

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be

relief from judgment under Federal Rule of Civil Procedure 60(b). We review the denial of a Rule 60 motion for abuse of discretion. *In re Isbell Records, Inc.*, 774 F.3d 859, 869 (5th Cir.2014). Wallace claims that the district court abused its discretion by denying his motion without giving Terrebonne Parish School Board ("Terrebonne") an adequate opportunity to respond. He does not cite any statute or authority to support this novel theory, and his argument fails for inadequate briefing. *See Yohey v. Collins*, 985 F.2d 222, 224–25 (5th Cir.1993).

Wallace also argues that the magistrate judge lacked jurisdiction to hear his case. But Wallace's own attorney signed a written consent form pursuant to 28 U.S.C. § 636(c) before trial. The form was then signed by Terrebonne's counsel and filed with the district court, establishing consent in the record. *See Archie v. Christian*, 808 F.2d 1132, 1137 (5th Cir.1987) (en banc). Thereafter, Wallace never raised an objection to proceeding before a magistrate, nor did he appeal the judgment. A "Rule 60(b) motion is not to be used as a substitute for appeal." *Seven Elves, Inc. v. Eskenazi*, 635 F.2d 396, 402 (5th Cir. 1981). This argument is both waived and without merit. *See Archie*, 808 F.2d at 1137.

AFFIRMED.

published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

\* Judge DeMoss, the third judge on the panel that originally heard this case, retired before this decision was issued. Consequently, this

\*\* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.